UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                                  CRIMINAL ACTION NO. 5:22-cr-00179

CARL THOMAS MULLINS

**MEMORANDUM OPINION AND ORDER**

Pending are Defendant Carl Thomas Mullins' (1) Sentencing Memorandum [ECF 62], filed May 3, 2024, and (2) Supplemental Sentencing Memorandum [ECF 65], filed June 12, 2024. Mr. Mullins objects to the Presentence Investigation Report's ("PSR") application of U.S.S.G. § 2K2.1(a)(6)(A) in calculating his Base Offense Level.

**I.**

On September 13, 2022, a single-count Indictment [ECF 1] was returned against Mr. Mullins, charging him with theft of firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. §§ 922(u) and 924(i)(1). On February 2, 2024, Mr. Mullins pled guilty to the offense and thus stands convicted.

On May 31, 2024, the Court convened for sentencing. The matter was continued pending further briefing on Mr. Mullins' *Bruen*-based objection to U.S.S.G. § 2K2.1(a)(6)(A). The subject section provides for a Base Offense Level of 14 if the defendant "was a prohibited person at the time . . . [he] committed the instant offense[.]" U.S.S.G. § 2K2.1(a)(6)(A). Application Note 3 defines "prohibited person" as "any person described in 18 U.S.C. § 922(g) or § 922(n)."

U.S.S.G. § 2K2.1 app. n.3. The PSR calculated Mr. Mullins' Base Offense Level at 14 pursuant to section 2K2.1(a)(6)(A). The calculation was based upon Mr. Mullins being a drug user and actively abusing controlled substances at the time of the offense of conviction. This resulted in his classification as a "prohibited person" under 18 U.S.C. § 922(g)(3). Section 922(g)(3) prohibits firearm possession by one who is "an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." 18 U.S.C. § 922(g)(3).

During an April 4, 2022, interview with law enforcement, Mr. Mullins "admitted to being a drug user since he was 17 years old."[1] [PSR at 7]. While "he had been sober for . . . three months," the subject offense occurred on September 10, 2021, and thus prior to that January to April 2022 abstinence interlude. [*Id*.]. The PSR additionally noted Timothy D. Edwards, who accompanied Mr. Mullins during the crime, admitted to law enforcement that the two "were using drugs and intoxicated when [Mr. Mullins] asked [him] to stop the car." [*Id*.]. It was at that point Mr. Mullins broke into Lester's Mobile Home Center and stole three firearms. [*Id*.]. These admissions gave rise to the Base Offense Level of 14.

Mr. Mullins objects. He relies upon *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), to assert the Second Amendment prohibits an enhanced firearm-possession penalty based upon his drug use. [ECF 62 at 1]. Specifically, he contends there was "no well-established and representative historical tradition of disarming drug users at the time of the Founding, or punishing them more severely for possessing firearms . . . ." [*Id*. at 2]. For these reasons, he posits both 18 U.S.C. § 922(g)(3) and U.S.S.G. § 2K2.1(a)(6) cannot withstand judicial

---

[1] The PSR later identifies heroin as the controlled substance Mr. Mullins has been abusing since age 17. [PSR at 12].

review. [*Id.*; ECF 65 at 1-2].[2] He urges adoption of the lesser Base Offense Level of 12 pursuant to U.S.S.G. § 2K2.1(a)(7).

## II.

Our Court of Appeals has not resolved whether 18 U.S.C. § 922(g)(3) is facially constitutional.[3] The sister circuits have upheld it. *See*, *e.g.*, *United States v. Connelly*, 117 F.4th 269, 282-83 (5th Cir. 2024) (rejecting defendant's facial challenge to Section 922(g)(3) and concluding "our history and tradition of firearms regulation show that there are indeed some sets of circumstances where § 922(g)(3) would be valid, such as banning presently intoxicated persons from carrying weapons.") [4]; *United States v. Veasley*, 98 F.4th 906, 910-16 (8th Cir. 2024)

---

[2] It appears Mr. Mullins lodges facial and as-applied challenges to 18 U.S.C. § 922(g)(3). [*See* ECF 65 at 1 ("This submission constitutes defendant's further discussion of the relevant legal standard that must be applied to determine the facial constitutionality of 18 U.S.C. § 922(g)(3) and U.S.S.G. § 2K2.1(a)(6)(A) under the Second Amendment, *as well as whether application of both to Mullins is separately constitutional under the Second Amendment*.") (emphasis added)]. Neither his original -- nor 22-page supplemental -- sentencing memoranda, however, fairly raise an as-applied objection. We thus deal here only with a facial challenge.

An as-applied challenge, however, would quickly collapse in any event. *See infra* n.4. Consistent heroin abuse is far more potent, dangerous, and predictive of risky behavior than occasional marijuana use. Mr. Mullins was also under the influence of controlled substances at the time he committed the instant offense.

[3] On September 27, 2024, our Court of Appeals heard oral argument on this issue in *United States v. Simmons*, No. 23-4607 (4th Cir. 2024).

[4] As noted, the Fifth Circuit concluded section 922(g)(3) is facially constitutional. *Connelly*, 117 F.4th at 282-83. But it simultaneously sustained an as-applied challenge. *See id.* at 282 (affirming judgment of dismissal as to defendant's as-applied challenge inasmuch as there was no evidence defendant was using marijuana at the time the firearms were discovered); *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2707 (2024) (finding section 922(g)(3) unconstitutional as applied to a habitual marijuana smoker where there was a lack of evidence he was under the influence at the time he was found in possession of a firearm). The decision in *Rahimi* resulted in vacatur and remand, as noted in the citational history. *See United States v. Daniels*, 144 S. Ct. 2707 (2024).

(rejecting defendant's facial challenge inasmuch as section 922(g)(3) was analogous to the historical tradition of regulating firearm possession of the mentally ill and those considered dangerous individuals). The Eighth Circuit said this in *Veasley*:

> The "burden" imposed by § 922(g)(3) is "comparable," if less heavy-handed, than Founding-era laws governing the mentally ill. *Bruen*, 597 U.S. at 29, 142 S.Ct. 2111. It goes without saying that confinement with straitjackets and chains carries with it a greater loss of liberty than a temporary loss of gun rights. And the mentally ill had less of a chance to regain their rights than drug users and addicts do today. *See* 1 Blackstone, Commentaries *294 (explaining that the law "always imagines ... [their] accidental misfortunes may be removed"). Stopping the use of drugs, after all, restores gun rights under § 922(g)(3). *See Carnes*, 22 F.4th at 748.
>
> The justification, which is to "keep guns out of the hands of presumptively risky people," is also comparable. *United States v. Yancey*, 621 F.3d 681, 683 (7th Cir. 2010) (per curiam). It is reflected in colonial-era laws, whether it be disarming loyalists, *see* Jackson, 85 F.4th at 471–72 (Stras, J., dissenting from denial of reh'g en banc), or making sure the mentally ill could not harm themselves or others. At least as applied to drug users and addicts who pose a danger to others, § 922(g)(3) is just another example of this "longstanding" tradition. *Heller*, 554 U.S. at 626–27 n.26, 128 S.Ct. 2783.

*Veasley*, 98 F.4th at 915-16. The "vast majority of district courts" addressing section 922(g)(3) post-*Bruen* have upheld it. *See*, *e.g.*, *United States v. Biden*, --- F. Supp. 3d ----, No. 23-61 (MN), 2024 WL 2112377, at *2 (D. Del. May 9, 2024) (collecting cases). Mr. Mullins' facial challenge thus faces steep odds.

His position is further weakened by *United States v. Rahimi*, 144 S. Ct. 1889 (2024), which addressed the constitutionality of 18 U.S.C. § 922(g)(8). The majority opinion emphasized our Nation's long history of regulating intoxicated individuals who possess guns. *See Rahimi*, 144 S. Ct. at 1897 ("At the founding, the bearing of arms was subject to regulations ranging from rules about firearm storage to restrictions on gun use by drunken New Year's Eve revelers."). The section 922(g)(3) regulation is thus quite "consistent with the principles that underpin the Nation's regulatory tradition." *Id*. at 1891 (citing *Bruen*, 597 U.S. at 26-31). Mr. Mullins' challenge simply

4

cannot withstand the weight of these analytically and numerically hefty precedents. His related, additional contentions, such as vagueness, are likewise meritless. *See United States v. Hasson*, 26 F.4th 610, 619-622 (4th Cir. 2022). Mr. Mullins' conduct is unquestionably prohibited by section 922(g)(3). And he is properly treated under the higher Base Offense Level resulting from U.S.S.G. § 2K2.1(a)(6)(A).

### III.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Mullins' objection.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: October 24, 2024

Frank W. Volk
Chief United States District Judge

5