UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA

v.                                       CRIMINAL ACTION NO. 5:22-cr-00179

CARL THOMAS MULLINS

**MEMORANDUM OPINION AND ORDER**

On October 25, 2024, the Court convened for sentencing. The Court imposed sentence but deferred judgment on the matter of restitution pending the parties' briefing on the issue. The parties timely submitted their briefs without request for a hearing. [*See* ECF 73, 74].

**I.**

Defendant Carl Thomas Mullins stands convicted of firearm theft from a licensed dealer in violation of 18 U.S.C. §§ 922(u) and 924(i)(1). Mr. Mullins broke into Lester's Mobile Home Center ("LMHC") while intoxicated and stole three firearms. According to the Presentence Investigation Report ("PSR"), LMHC was purportedly indemnified for $1,463.73 by its insurance provider Hartford Casualty Insurance ("Hartford"). On March 13, 2024, the Government noticed Hartford of its right to seek restitution. Hartford did not pursue the matter. The Probation Officer thus recommended restitution not be ordered.

At sentencing, however, the Government sought restitution for Hartford. Mr. Mullins objected inasmuch as Hartford made no formal request. The Court deferred judgment and ordered briefing. The Government maintains the Mandatory Victim's Restitution Act ("MVRA") requires restitution. It also now asserts a total loss of $2,430.73 comprised of $1,500.05 in personal

property and $930.68 in property damage. [*See* ECF 73]. It appears LMHC paid its $1,000 deductible to Hartford, and Harford paid the $1,430.73 balance. The Government thus contends Mr. Mullins "should be ordered to pay $1,000.00 in restitution to LMHC and $1,430.73 to Hartford." [*Id*. at 4]. Mr. Mullins does not contest (1) the applicability of the MVRA, (2) the amount of restitution sought, or (3) LMHC and Hartford's classification as victims. [*See* ECF 74]. He emphasizes instead that both LMHC and Hartford have abandoned recompense by not formally seeking it.

## II.

Federal courts lack "the inherent authority to order restitution." *United States v. Steele*, 897 F.3d 606, 609 (4th Cir. 2018) (internal quotations and citations omitted). "The power to order restitution must therefore stem from some statutory source." *Id*. (internal quotations and citations omitted). One such source is the MVRA, which pertinently provides the district court "shall order . . . the defendant make restitution to the victim of the offense" upon conviction of "an offense against property under this title[.]" 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).

An "offense against property" requires an inquiry into the facts underlying the Title 18 offense . . . ." *United States v. Ritchie*, 858 F.3d 201, 210 (4th Cir. 2017). The MVRA, common sense, and precedent indicate Mr. Mullins' theft of the firearms is an "offense against property." It is difficult to imagine a more apropos case of offending property rights than absconding with an item, intending to deprive one of his or her ownership privileges. *See*, *e.g.*, *United States v. Wright*, 176 F. App'x 373, 374 (4th Cir. 2006) (sustaining an MVRA restitution order when the offenses of conviction charged the defendant with stealing firearms).

MVRA section 3664(j)(1) also provides "[i]f a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be

2

paid to the person who provided . . . the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." 18 U.S.C. § 3664(j)(1).

Section 3664 also requires the probation officer provide all victims, *inter alia*, (1) notice of the offense of conviction, (2) an *opportunity* to submit information regarding the loss amount, (3) an *opportunity* to submit an affidavit regarding such amount, and (4) the applicable affidavit form. *See* 18 U.S.C. § 3664(d)(2)(A)-(B) (emphases added). The statute does not, however, require any action by a victim to formally pursue a recovery. Indeed, section 3664(g)(1) provides "[n]o victim shall be required to participate in any phase of a restitution order." 18 U.S.C. § 3664(g)(1).

Moreover, to the extent the foregoing textual analysis does not command the result reached, binding precedent has all but explicitly held that a victim's petition is unnecessary. *See*, *e.g.*, *Dolan v. United States*, 560 U.S. 605, 612 (2010); *In re Brown*, 932 F.3d 162, 172 (4th Cir. 2019) ("[T]he MVRA mandates that the sentencing court order restitution in the full amount of the victim's loss when the defendant has been convicted of certain specified offenses.") (cleaned up).

Accordingly, the Court **ORDERS** Mr. Mullins to pay restitution in the amounts of $1,000, to LMHC and $1,430.73, to Hartford. Mr. Mullins must satisfy the $1,000 amount to LMHC before any payment to Hartford.

The MVRA additionally "require[s] the court to set a payment schedule 'in consideration of the following: (A) the financial resources and other assets of the defendant, including whether any of the assets are jointly controlled; (B) projected earnings and other income of the defendant; and (C) any financial obligations of the defendant; including obligations to

dependents . . . , mak[ing] factual findings keying the payment schedule to these factors and demonstrating the feasibility of the schedule." *United States v. Leftwich*, 628 F.3d 665, 668 (4th Cir. 2010) (quoting *United States v. Dawkins*, 202 F.3d 711, 717 (4th Cir. 2000)).

Mr. Mullins at the time of sentencing had not obtained his GED. He worked for four years at McDonald's, until 2023. He has no dependents. He plans to live with his uncle when he is released from incarceration. Based upon these considerations, Mr. Mullins can earn wages while incarcerated and thereafter, without the expectation of significant living expenses. Accordingly, the Court **ORDERS** Mr. Mullins, if he is voluntarily participating in the Inmate Financial Responsibility Program, to pay $25 per quarter from his earnings. Within 30 days after his release, he is **ORDERED** to pay $100 per month on the restitution obligation. If Mr. Mullins objects to either the amounts or schedules set forth, he may petition the Court for relief at any time.

The Clerk is directed to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 23, 2024

Frank W. Volk
Chief United States District Judge